IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| KELLY CABINATAN, | ) | CIV. NO. 10-00526 JMS/KSC |
| --- | --- | --- |
| | ) | CR. NO. 09-00132-01 JMS |
| Movant, | ) | |
| | ) | ORDER: (1) REQUIRING |
| vs. | ) | CLARIFICATION; (2) DENYING IN |
| | ) | PART MOTION TO VACATE, SET |
| UNITED STATES OF AMERICA, | ) | ASIDE, OR CORRECT SENTENCE; |
| | ) | AND (3) DENYING CERTIFICATE |
| Respondent. | ) | OF APPEALABILITY |
| | ) | |
| _____ | ) | |

**ORDER: (1) REQUIRING CLARIFICATION; (2) DENYING IN PART MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE; AND (3) DENYING CERTIFICATE OF APPEALABILITY**

On September 13, 2010, Kelly Cabinatan ("Cabinatan") filed a Motion to Vacate, Set Aside, or Correct her Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), and a memorandum in support. Cabinatan alleges that her trial counsel, Michael Green, Esq. ("Green"), provided ineffective assistance of counsel.

The United States filed an Opposition to the § 2255 Motion on December 9, 2010, and Cabinatan filed a Reply on December 22, 2010. As set forth in detail below, the United States is ORDERED to clarify its position regarding Cabinatan's claim in Ground One that Green failed to file an appeal after

Cabinatan requested that he do so. Cabinatan's remaining claims in Ground Two are DENIED with prejudice and a certificate of appealability as to the dismissal of these claims is DENIED.

## I. **BACKGROUND**

On October 23, 2009, Cabinatan pled guilty to conspiracy to use a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924 (o) (Count 1), and perjury in violation of 18 U.S.C. § 1623 (Count 3). Pursuant to a negotiated plea agreement, the United States agreed to dismiss Count 2 of the indictment after sentencing. Gov't Opp'n Ex. C, Mem. of Plea Agreement ¶ 4.

Magistrate Judge Leslie E. Kobayashi reviewed and accepted Cabinatan's guilty plea on October 23, 2009. During her colloquy, Cabinatan fully admitted to the wrongful conduct underlying each of her guilty pleas. As to the conspiracy charged in Count 1, Cabinatan unequivocally stated:

> I assisted Dennis McHugh and others in obtaining a firearm to protect drugs he possessed at a hotel room in Kauai.
>
> ***
>
> I knew that the methamphetamine being held by McHugh would be divided between myself, Leones, and Sembrano.
>
> ***
>
> [The trade was] three guns for the drugs.

Gov't Opp'n Ex. A, Tr. of Plea Hr'g at 19-20, Oct. 23, 2009 ("10/23/09 Tr."). Cabinatan clarified her role as an intermediary by admitting that she introduced (co-conspirators) Leones and Sembrano to McHugh "to trade the drugs for the guns." *Id.* at 21.

Cabinatan then admitted to the conduct underlying her perjury conviction in Count 3, telling Magistrate Judge Kobayashi:

> I also testified before a Federal Grand Jury in Hawaii . . . under oath about my role in trading drugs for weapons, as well as the role of . . . Leones and Sembrano. . . . I testified in Federal District Court in Hawaii in the trial of United States versus Darwin Leones, and I gave false testimony by stating that Leones was not involved in the firearms for meth trade with McHugh.

*Id.* at 22. Magistrate Judge Kobayashi asked Cabinatan to clarify:

> Before the Federal Grand Jury you testified that both Mr. Leones and Mr. Sembrano were involved, but at trial -- in the criminal trial against Mr. Leones you said he was not involved; is that fair?
>
> [Cabinatan]: Yes.

*Id.*

Pursuant to a Memorandum of Plea Agreement, Cabinatan expressly waived her right to appeal her sentence or seek a collateral review except under the following circumstances:

> 18. The Defendant is aware that [she] has the right to appeal

3

> the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.
>
> a. The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.
>
> b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

Gov't Opp'n Ex. C, Mem. of Plea Agreement ¶ 18.

On March 8, 2010, this court made the following United States Sentencing Guideline ("guideline") calculations: total offense level of 25, criminal history of Category 3, with an advisory guideline range of 70-87 months.[1] Tr. of Sentencing Hr'g 6:2-6, 24:16, Mar. 8, 2010 ("3/8/10 Tr."). The court considered

---

[1] The court also found that Cabinatan was subject to two to three years supervised release, a fine of $10,000-$100,000, and a $200 special assessment.

and weighed the 18 U.S.C. § 3553(a) sentencing factors as they applied to Cabinatan. *Id.* 24:15-29:20. The court first discussed Cabinatan's offense behavior, criminal history, lack of meaningful cooperation, and mitigating behavior. *See id.* 24:19-28:13. The court next examined the need to avoid unwarranted sentencing disparities, both generally and as specifically applied to Cabinatan and her co-conspirators, Sembrano, McHugh, and Leones. 3/8/10 Tr. 28:14-29:6 (noting that "a sentence within [the] guideline range would [not] in any way suggest any unwarranted sentencing disparity."). Finally, the court discussed the 3553(a)(2) considerations, including the need for the sentence imposed to reflect the seriousness of Cabinatan's offense, to provide adequate deterrence, and to protect the community from further crimes of the defendant.[2] 3/8/10 Tr. 29:7-20. The court then imposed a within-guideline sentence -- 78 months imprisonment on Count 1, 60 months imprisonment on Count 3, with three years supervised release on both counts, all terms to run concurrently. Judgment was entered on March 11, 2010.

---

[2] The court, of course, need not discuss each factor, but must set forth enough to show that it considered the parties' arguments and has a reasoned basis for its decision. *See Rita v. United States*, 551 U.S. 338, 357 (2007); *see also United States v. Dallman,* 533 F.3d 755, 761 (9th Cir. 2008).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who challenges the imposition or length of her incarceration if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner must allege specific facts that, if true, would entitle her to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings. A court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the

movant is not entitled to relief").

### III. ANALYSIS

Cabinatan asserts that Green was ineffective by failing to: (1) file a notice of appeal; (2) seek suppression of unspecified information and/or evidence; (3) move for dismissal of the indictment; (4) disclose an unspecified conflict of interest; (5) investigate and present unspecified, mitigating sentencing facts and legal authority; (6) move for a downward departure or variance; and (7) argue that her sentence was based on facts not submitted to a jury or proven beyond a reasonable doubt.[3]

The United States argues that (1) Green told Cabinatan that an appeal was not possible in light of the facts of her case and her express waiver of appellate rights, (2) she can show no prejudice from Green's failure to pursue an appeal, and (3) Cabinatan's other claims are vague, conclusory, and unsupported by sufficient facts, requiring their dismissal.

### A.     Legal Standard for Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance claim, a § 2255 movant must show (1) that counsel's representation fell below an objective standard of

---

[3] Although the Petition only sets forth three grounds for relief, Cabinatan raises these seven arguments in support of her ineffective assistance of counsel claims. *See* Pet. 3-5.

reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689-90; *see Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *See Strickland*, 466 U.S. at 697. In other words, any deficiency that does not result in prejudice necessarily fails.

The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "[A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Id.* at 56-57 (internal quotation marks and citations omitted); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Generally, to satisfy the prejudice requirement as it applies to guilty pleas, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

**B.      Ground One: Green's Alleged Failure to File an Appeal**

Cabinatan states that she "reasonably demonstrated to counsel that she was interested in appealing [and] requested her counsel to file and prosecute a direct appeal of her conviction and/or sentence." Pet'r Mem. in Supp. at 21. Cabinatan claims that Green, "advised [her] that she could not file an appeal . . . [and he] did not file or prosecute a direct appeal[.]" *Id.*

Green does not explicitly dispute these facts. Instead, he states that, because Cabinatan was not sentenced in excess of the applicable guideline range and because he rendered competent and effective assistance, he explained to her that there was no basis for filing an appeal. *See* Gov't Opp'n Ex. B, Green Decl. ¶ 4.[4]

When a criminal defendant explicitly instructs counsel to file an appeal and the appeal is not filed, it is ineffective assistance of counsel *per se* -- irrespective of the merits of the appeal. *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985); *see also Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The Ninth Circuit addressed this situation in relation to a waiver of appeal rights in *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005). Sandoval-Lopez, like Cabinatan,

---

[4] On October 14, 2010, the court entered an Order finding that Cabinatan waived her attorney-client privilege as to communications or issues raised in her § 2255 Petition. Doc. No. 46.

entered into a plea agreement largely waiving his right to appeal. In a subsequent § 2255 motion, Sandoval-Lopez claimed that despite a request, his counsel failed to file a notice of appeal. Although recognizing the rule it announced was "contrary to common sense," the court held that the failure to file the appeal, even in the face of an appeal waiver, was ineffective assistance of counsel:

> If, as Sandoval-Lopez claims, it is true that he explicitly told his lawyer to appeal his case and his lawyer refused, then we are required by *Flores-Ortega* to conclude that it was deficient performance not to appeal and that Sandoval-Lopez was prejudiced. The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal.

*Id.* at 1197.

It is unclear whether Cabinatan merely expressed "that she was interested in appealing," but did not pursue the matter after Green explained the pitfalls to such an appeal. Pet'r Mem. in Supp. at 21. If that is the case, then Green was not ineffective. *See Sandoval-Lopez*, 409 F.3d at 1198 (discounting ineffective assistance of counsel claims "where a defendant expresses some interest in appealing but would have been talked out of it if his counsel had explained the unwisdom of such a decision") (citing *Flores-Ortega*, 528 U.S. at 486) (stating that evidence that a defendant simply demonstrated a desire to appeal "is insufficient to establish that, had the defendant received reasonable advice from counsel about the

appeal, he would have instructed his counsel to file an appeal"). On the other hand, if Cabinatan persisted in her request to file an appeal after Green explained that an appeal was unwise, and Green failed to abide by that request, his performance was deficient.

Green also suggests that because he was not retained or paid to prosecute an appeal, he therefore owed no duty to Cabinatan to file a notice of appeal. Gov't Opp'n Ex. B, Green Aff. ¶ 4 ("I was never hired to prosecute an appeal for [Cabinatan], I was never paid to prosecute an appeal[.]"). The court rejects this argument. If Cabinatan explicitly asked Green to file a notice of appeal, he owed her that duty, whether he was retained or appointed. *Cf. Flores-Ortega*, 528 U.S. at 477 (finding that appointed counsel must file an appeal if requested, regardless of whether the appointment continues through appeal). Further, "filing a notice of appeal is a purely ministerial task and the failure to file reflects inattention to the defendant's wishes." *Id.* If, as Cabinatan claims, Green refused to file a notice of appeal despite her clear instructions that he do so, he failed to protect her interests whether he was retained or appointed. *See Richardson v. United States*, 612 F. Supp. 2d 709, 715-16 (N.D. W.Va. 2009) (finding counsel owes a criminal defendant a duty to file a notice of appeal, whether retained for appeal or not).

11

When there is a dispute over whether counsel failed to heed a defendant's request to file an appeal, *Sandoval-Lopez* sets forth two options:

> The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the [government] does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.

409 F.3d at 1198.

The United States does not address how *Flores-Ortega* or *Sandoval-Lopez* pertain here. The court therefore directs the United States to inform the court on or before March 7, 2011, whether it seeks an evidentiary hearing or elects not to oppose the § 2255 Motion on this claim. If the United States fails to respond on or before March 7, 2011, the court will assume that it does not oppose the Motion as to the limited issue in Ground One, and the court will vacate and reenter judgment, and allow Cabinatan to file a timely notice of appeal.

## C.     Cabinatan's Claims In Ground Two Are Denied

In Ground Two, Cabinatan raises an ominibus claim of ineffective assistance of counsel, encompassing claims arising prior to entry of her plea and claims arising after entry of her plea, *i.e.*, in the course of sentencing. In support, Cabinatan broadly alleges that Green "failed to advise [her] as to all facts and law

12

relevant to her decision to plead guilty . . . and had counsel competently pursued a favorable plea agreement, there is a reasonable probability that she would have pleaded not guilty and proceeded to trial or she would have pleaded guilty with a favorable plea agreement." Pet. at 9 ¶ 19.

### 1. *Cabinatan's Pre-Plea Claims*

Cabinatan alleges that Green was ineffective prior to her decision to plead guilty by failing to (1) move to suppress unidentified evidence, (2) disclose an unspecified conflict of interest, or (3) move to dismiss the indictment.

Section 2255 motions must allege specific facts which, if true, would entitle an individual to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)). A movant cannot simply allege a claim and "baldly assert" that the claim had an "adverse effect." *Id.* Vague and conclusory allegations that are devoid of any specific supporting facts as well as allegations that are "wholly incredible" when viewed in connection with the record are subject to summary dismissal. *Blackledge*, 431 U.S. at 74; *see also McMullen*, 98 F.3d at 1159 ("palpably incredible or patently frivolous" allegations warrant summary dismissal) (internal citations omitted).

Cabinatan does not identify any specific evidence that Green failed to

13

move to suppress or explain on what basis he could have done so. *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief). Nor does the record reveal a basis for Green to have moved to suppress evidence. Cabinatan's perjury is evident from a comparison of her testimony before the Grand Jury and later at the Leones trial. Likewise, evidence of Cabinatan's involvement in the conspiracy to exchange guns for methamphetamine was presented in the McHugh, Sembrano, and Leones criminal proceedings.[5] Cabinatan does not explain how this evidence could have been successfully suppressed prior to her trial. It is clear that Green's decision *not* to move to suppress this evidence was a strategic decision made after consideration of the law and facts, and cannot, therefore, constitute ineffective assistance of counsel. *See Strickland*, 466 U.S. at 690 ("Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."); *see also Cheney v. Washington*, 614 F.3d 987, 996 (9th Cir. 2010) ("Under *Strickland*, the court must 'indulge a strong presumption that [counsel acted] for tactical reasons rather than through sheer neglect.'" ) (citation omitted).

---

[5] *See United States v. Sembrano and Leones*, Cr. No. 08-00495 HG and *United States v. McHugh*, Cr. No. 08-00160 SOM.

Cabinatan also fails to identify Green's alleged conflict of interest or show any harm arising from such a conflict. *See Washington v. Lampert*, 422 F.3d 864, 873-74 (9th Cir. 2005) (holding no conflict of interest when defendant failed to detail that his "attorney made a choice between possible alternative courses of action that impermissibly favored an interest in competition with those of the client") (citation omitted); *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980) ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, [she] has not established the constitutional predicate for his claim of ineffective assistance."). Cabinatan has not shown under what conflict of interest Green was allegedly operating and has not, therefore, shown he was ineffective.

Finally, Cabinatan does not explain any basis for Green to have moved to dismiss the indictment and this court can discern no infirmities in the indictment warranting such a motion. Green was not ineffective for failing to make such a motion. Cabinatan's pre-plea claims do not establish Green's ineffective assistance of counsel and are DENIED.

### 2. *Cabinatan's Post-Plea Claims*

Cabinatan's post-plea claims allege that Green failed to present unspecified mitigating facts and legal authority at sentencing to support a

"downward departure or variance under 18 U.S.C. § 3553(a),"[6] or to argue that her sentence was based on facts not submitted to a jury, or admitted to by her, or proven beyond a reasonable doubt.  As were her pre-plea claims, these claims are completely unsupported by fact or law relevant to her sentencing.  Cabinatan points to no legal authority that Green allegedly overlooked, fails to explain what mitigating evidence he should have proffered at or before sentencing in support of a motion for a downward variance, fails to detail what facts this court impermissibly relied on in sentencing her, and misapprehends the governing law as set forth in *United States v. Booker*, 543 U.S. 220 (2005), and its progeny.  Consequently, Cabinatan fails to show that Green was ineffective at representing her rights at sentencing.

Contrary to Cabinatan's claims, Green raised several mitigating factors at sentencing in an effort to obtain a more lenient sentence.  Green pressed the court to consider Cabinatan's responsibilities as a mother of four children, her reasonable fear of testifying against Leones at trial (as an explanation for her perjury), her cooperation with the Kauai Police Department, her truthful testimony to the Grand Jury, her belief that she would not be required to testify against

---

[6] "After *Booker*, the scheme of downward and upward departures has been replaced by the requirement that judges impose a reasonable sentence." *United States v. Tankersley*, 537 F.3d 1100, 1113 (9th Cir. 2009) (citing *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006).

Leones, her fear of Leones, and her completion of a drug treatment program before sentencing. 3/8/10 Tr. 6:10-9:10. Green then, in fact, did request a below-guideline range sentence. *Id.* at 8:14-18. In light of the overwhelming evidence showing Cabinatan's involvement in the exchange of guns for drugs, her clear perjury, her criminal history, her failure to complete other programs, and the numerous instances of her manipulative behavior throughout the relevant time, Green's advocacy for a lighter sentence was remarkable and by no means ineffective simply because it was unsuccessful.

### 3. *Cabinatan's* **Booker** *Claim*

Cabinatan's convoluted *Booker* claim -- that Green failed to timely argue against the court's alleged reliance on facts "not charged in the indictment, not submitted to a jury, and not proven beyond a reasonable doubt or admitted by [Cabinatan] while utilizing 'mandatory' guidelines and failing to consider . . . the factors set forth in 18 U.S.C. § 3553(a)[,]" -- is simply off the mark. Pet. at 10.

Simply stated, under *Booker* the right to proof beyond a reasonable doubt -- by a defendant's admission or a jury's finding -- does not apply to facts relevant to the advisory guidelines regime. *See United States v. Ameline*, 409 F.3d 1073, 1077-78 (9th Cir. 2005); *see also United States v. Clark*, 452 F.3d 1082,

17

1085-86 (9th Cir. 2006).[7]

Cabinatan has not demonstrated that Green was ineffective or that there is a reasonable probability that, but for Green's allegedly unprofessional errors, the result of the sentencing proceeding would have been different. *Strickland*, 466 U.S. at 687-88. Cabinatan therefore fails to show prejudice and her ineffective assistance of counsel claims in Count II are DENIED with prejudice.

**D.    Certificate of Appealability**

A petitioner must obtain a certificate of appealability before pursuing any appeal from a final order in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B). When the denial of a § 2255 motion is based on the merits of the claims in the motion, a district court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner is required to show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c)(2)); *see also Mendez v.*

---

[7] To the extent that Cabinatan argues that the court improperly relied on facts not proven beyond a reasonable doubt, she has knowingly and voluntarily waived the right to bring such a collateral challenge. *See* 10/23/09 Tr. 3-6, 9-11; Gov't Opp'n, Ex. C, ¶ 18.

*Knowles*, 556 F.3d 757, 771 (9th Cir. 2009). The district court must indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons for denying a certificate. *United States v. Asrar*, 116 F.3d 1268, 1269 (9th Cir. 1997).

Because Cabinatan has not made a substantial showing of the denial of a constitutional right as to her claims in Ground Two, the court declines to issue a certificate of appealability on the denial of those claims. *See* 28 U.S.C. § 2253(c)(2).

## IV. **CONCLUSION**

1. The United States SHALL notify the court on or before March 7, 2011, whether it seeks an evidentiary hearing or elects not to oppose the § 2255 Motion as to Ground One. If the United States fails to respond on or before March 7, 2011, the court will assume that it does not oppose the Motion as to the limited issue in Ground One, and the court will vacate and reenter judgment, allowing Cabinatan to file a timely notice of appeal.

2. Cabinatan's claims in Ground Two, that her attorney was ineffective pre- and post-sentencing, are DENIED WITH PREJUDICE.

///

3. A certificate of appealability on Ground Two is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 26, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Cabinatan v. United States.*, Civ. No. 10-00526 JMS/KSC, Crim. No. 09-00132 JMS-1; Order: (1) Requiring Clarification; (2) Denying In Part Motion to Vacate, Set Aside, or Correct Sentence; and (3) Denying Certificate of Appealability; psas/habeas /dmp/2011/Cabinatan 10cv526 JMS