IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| KELLY CABINATAN, | ) | CIV. NO. 10-00526 JMS/KSC |
|---|---|---|
| | ) | CR. NO. 09-00132-01 JMS |
| Movant, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | VACATE JANUARY 26, 2011 |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION TO
VACATE JANUARY 26, 2011 ORDER**

Kelly Cabinatan, by and through her appointed appellate attorney, moves the court to vacate its January 26, 2011 Order: (1) Requiring Clarification; (2) Denying in Part Motion to Vacate, Set Aside, or Correct Sentence; and (3) Denying Certificate of Appealability ("January 26 Order"). *See* Doc. No. 52. For the following reasons, the Motion is DENIED.

### I. BACKGROUND

In the January 26 Order, this court denied Cabinatan's ineffective assistance of counsel ("IAC") claims raised in Ground Two of her Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"). These claims alleged that Cabinatan's attorney was ineffective (1) prior to her

guilty plea for failing to move to suppress evidence or dismiss the indictment, or to disclose a conflict of interest, and (2) at sentencing for failing to present mitigating evidence or legal authority to support a downward variance or argue that her sentence violated the law as set forth in *United States v. Booker*, 543 U.S. 220 (2005). After clarification of the government's position on Cabinatan's single claim in Ground One -- that counsel was *per se* ineffective for refusing to file a notice of appeal -- this court granted her § 2255 Motion as to that claim only. Doc. No. 57, Order Granting In Part Motion to Vacate, Set Aside, or Correct Sentence.

Cabinatan now argues that this procedural sequence effectively foreclosed her "from raising one or more of [the dismissed claims] in her now timely filed direct appeal."[1] Doc. No. 64, Mot. at 4. She asserts that the court should have ruled on the claim in Ground One only, and refrained from deciding her IAC claims in Ground Two. She states, "[i]f a district court finds that counsel was ineffective for failing to file a notice of appeal, it should refrain from deciding the remaining issues until after the direct appeal is resolved because some or all of those issues could be raised and decided on direct appeal." *Id.*, citing *United States v. Ruiz-Alvarez*, 211 F.3d 1181 (9th Cir. 2000). Cabinatan thus requests the court

---

[1] The court appointed Cabinatan counsel for her direct appeal; such appointment is confined to the direct appeal only. *See* Doc. No. 59. The court also granted Cabinatan an extension of time to file a notice of appeal of the January 26 Order, denying in part her § 2255 Motion. Doc. No. 61.

to either vacate the January 26 Order so that she can raise her dismissed IAC claims on direct appeal, or to "re-enter [the January 26 Order,] denying the claims without prejudice subject to renewal after" the direct appeal is final. *Id.* at 5.

The United States maintains that *Ruiz-Alvarez* supports the opposite proposition -- that a district court has discretion to rule on a multi-issue § 2255 Motion in multiple phases. *See Ruiz-Alvarez*, 211 F.3d at 1184. The government takes no position, however, on whether this court should have exercised its discretion to rule only on Ground One and pass on the other IAC claims, or whether the January 26 Order should be vacated, allowing Cabinatan to raise all of her IAC claims on direct appeal.[2]

//

//

---

[2] The government suggests that Cabinatan can "file a § 2255 Petition anew[,]" if her direct appeal is unsuccessful, without consequence. Doc. No. 65, Gov't Opp'n at 4. While the Ninth Circuit has not ruled on this issue, several appellate courts have held that a successful habeas petitioner who is resentenced may only later challenge that portion of the judgment that arises *subsequent* to the new judgment. *See Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007) (collecting cases); *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999) (holding that after judgment is vacated, a new § 2255 motion may only raise issues "that originated at the time of resentencing"); *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997) (holding that a petition raising only issues arising from resentencing is not second or successive); *Esposito v. United States*, 135 F.3d 111, 113-14 (2d Cir. 1997) (per curiam) (same). Although the Supreme Court has recently discussed this issue, it has expressly declined to definitively address it. *See Magwood v. Patterson*, 130 S. Ct. 2788, 2802-03 (2010) (discussing the effect of a new judgment on a state habeas petitioner's ability to raise claims that were available before the original judgment was vacated); *Burton v. Stewart*, 549 U.S. 147, 155-56 (2007) (same).

3

## II. DISCUSSION

There are several reasons counseling against granting this Motion. First, it is well-established that challenges to the effectiveness of counsel are not generally reviewed on direct appeal. *United States v. Withers*, --- F.3d ---, 2011 WL 6184, at *8 (9th Cir. Jan. 3, 2011); *United States v. Dewey*, 599 F.3d 1010, 1014 (9th Cir. 2010) (declining to review IAC claim, where the record did not reveal "what counsel did, why it was done, and what, if any, prejudice resulted") (citation omitted). This is because "the district court [is] the forum best suited to developing the facts necessary to determining the adequacy of representation." *Massaro v. United States*, 538 U.S. 500, 505 (2003). The Ninth Circuit generally reviews challenges to the effectiveness of counsel on direct appeal only "(1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate [based on the existing record] that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005); *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). It is highly unlikely that the Ninth Circuit would review Cabinatan's IAC claims on direct appeal. The record before the Ninth Circuit would be simply devoid of evidence "sufficiently developed to permit

4

determination of the issue," and the record could not support a finding that Cabinatan was obviously denied effective representation.[3]

Second, Cabinatan misapprehends the holding in *Ruiz-Alvarez*. There, the district court found that counsel was ineffective for refusing to file a notice of appeal and vacated judgment so that an appeal could be taken. *Ruiz-Alvarez*, 211 F.3d at 1184. The district court declined to rule on Ruiz-Alvarez's remaining claims that alleged the district court committed sentencing errors and violated his constitutional rights, finding that these claims should be brought on direct appeal. *See id.* The Ninth Circuit agreed, holding that those types of claims were appropriate for direct appeal and the district court did not abuse its discretion by declining to rule on them. The appellate court did not, however, hold that a district court abuses its discretion by ruling on claims that are properly before it and normally reviewed by the district court, such as IAC claims. *Ruiz-Alvarez*'s holding is inapposite to Cabinatan's position.

//

//

---

[3] Cabinatan's ability to raise her remaining IAC claims on direct appeal is also likely foreclosed by the terms of her Memorandum of Plea Agreement, which appears to confine such claims to *collateral* challenges via a § 2255 Motion. *See* Doc. No. 48-3, Gov't Opp'n, Ex. C. Mem. of Plea Agreement ¶ 18(a).

Finally, the multiple phase procedure used by this court, first ruling on Cabinatan's IAC claims in Ground Two and seeking clarification regarding her claim in Ground One, then granting that claim, is in common use throughout the Ninth Circuit. *See e.g., Peralta-Quintana v. United States*, 2010 WL 4878794, at *2-5 (E.D. Cal. Nov. 17, 2010) (denying two IAC claims and ordering clarification of remaining claims alleging counsel refused to file a notice of appeal); *United States v. Garcia*, 2010 WL 3057251, at *2 (S.D. Cal. Aug. 2, 2010) (denying two claims, then denying third claim after clarification); *Torres v. United States*, 2008 WL 2225745, at *2-5 (E.D. Cal. May 28, 2008) (denying three IAC claims, two claims alleging trial court error, and ordering an evidentiary hearing on remaining claim that counsel refused to file a notice of appeal); *Osiname v. United States*, 2008 WL 5382273, at *2 (C.D. Cal. Dec. 19, 2008) (granting in part § 2255 petition on fifth claim only, alleging counsel refused to file notice of appeal). Cabinatan has not shown that this court did not have the jurisdiction or discretion to rule on her claims in two phases.

//

//

//

//

## III. CONCLUSION

Cabinatan's Motion to Vacate Order and Findings Re: Section 2255 Filed on January 26, 2011 is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 19, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Cabinatan v. United States*, Civ. No. 10-00526 JMS/KSC, Cr. No. 09-00132-01 JMS; Order Denying Motion to Vacate January 26, 2011 Order/psas/habeas /dmp/2011/Cabinatan 10cv526 JMS (dny m. vac.)